IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>YELLOWSTONE PARTNERS, LLC, an Idaho limited liability company, DAVID HENRY HANSEN, an individual, and CAMERON G. HIGH, an individual,<br><br>DEFENDANTS. | Case No.: 4:19-cv-00374-BLW<br><br>**FINAL JUDGMENT AS TO DEFENDANT YELLOWSTONE PARTNERS, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendant Yellowstone Partners, LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2)

1

of the Investment Advisers Act of 1940 ("Advisors Act") ") [15 U.S.C. §§ 80b-6(1), (2)] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from from violating Section 204(a) of the Advisers Act [15 U.S.C. § 88b-6(2)] and Rules 204-2(a)(10) and 204-2(e)(1) [17 C.F.R. §§ 275.204-2(a)(10) and 275.204-2(e)(1)] thereunder by use of the mails or any means or instrumentality of interstate commerce in connection with its business as an investment adviser to fail to maintain and keep true, accurate and current:

(a) all written agreements (or copies thereof) entered into by the investment adviser with any client or otherwise relating to the business of such investment adviser as such; or;

(b) all books and records required to be made under the provisions of the Advisers Act for a period of not less than five years.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: August 17, 2021

B. Lynn Winmill
U.S. District Court Judge